|   |   |
|---|---|
| **IN THE UNITED STATES DISTRICT COURT FOR THE** | |
| **EASTERN DISTRICT OF CALIFORNIA** | |

| | |
|---|---|
| E. & J. GALLO WINERY, a California corporation, <br><br>        Plaintiff, <br><br>   v. <br><br>ANDINA LICORES S.A., a corporation organized under the laws of Ecuador, <br><br>        Defendant | CV F 05-0101   AWI LJO <br><br> ORDER ON PLAINTIFF'S *EX PARTE* APPLICATION FOR MODIFICATION OF SCHEDULING CONFERENCE ORDER <br><br> Document # 99 |

     In this action for declaratory relief, abuse of process, unfair competition, and breach of contract, plaintiff E. & J. Gallo Winery ("Plaintiff") applies for modification of the magistrate judge's scheduling order filed September 13, 2005 (the "Order"). Specifically, the Order, *inter alia*, set the last day for hearing on pre-trial motions for March 27, 2006, and set the deadline for filing of dispositive (pre-trial) motions for Friday, February 24, 2006. Plaintiff requests modification of the last date for hearing on pre-trial motions because the court apparently informed the parties the March 27 date is not available, and the next available date is April 3, 2006. There is no objection to the requested change of last date for consideration of pre-trial motions to April 3, 2006, and that will be the court's order.

     Plaintiff also requests modification of deadline for pre-trial motions that was set for February 24, 2006, on the ground problems inherent in electronic transmission of large volumes of text to the court's Electronic Case Filing ("ECF") system prevented complete

transmission of Plaintiff's motion for summary judgment, which was begun before midnight on February 24, from being completed until approximately 4:00 a.m. on February 25, 2006. Plaintiff therefore requests that the Order be modified to reflect the final date for filing of pre-trial motions be February 25, 2006, or, in the alternative Monday, February 27, 2006.

Local Rule 5-135 addresses the issue of time of filing under the court's ECF system. Local Rule 5-134(a) provides that "a document filed electronically shall not be considered filed for purposes of these Local Rules or the Federal Rules of Civil Procedure until the filing counsel receives a system-generated 'Notice of Electronic Filing.'" An examination of the court's docket and the associated Notices of Electronic Filing indicate that documents No. 94 through No. 97 were filed after midnight on February 25, 2006.  By the terms of Local Rule 5-134(a), those documents were filed after the deadline set by the Order.

As with any change in institutional procedure, the court's implementation of the ECF system has occasioned learning opportunities for all parties.  The court encourages counsel to familiarize themselves with Local Rules 5-133, 5-134, 5-135, 6-136, 5-137(b), 39-138, 39-140, and 39-141, so that future problems that may result from use of the ECF system be held to a minimum.

The court notes there is no motion before it to strike or to otherwise sanction Plaintiff's late filing.  However, notwithstanding a court's power to strike motions, pleadings or documents not filed in accordance with federal or local rules, the administration of all such rules "will inescapably embody discretion." United States v. Warren, 601 F.2d 471, 474 (9th Cir. 1979).  The parties recognize that prejudice is the court's central consideration in exercise of its discretion.  From the court's perspective, motions for summary judgment are a critical tool in narrowing the issues that require trial.  See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986); F.R.C.P. 56(e) ( "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial").  Thus, the orderly administration of justice is prejudiced where full

2

consideration of motions for summary judgment are prevented or inhibited as sanction for de minimis violations of local or federal rules. The court is therefore disinclined to strike or otherwise not consider pretrial motions, or filings pertinent to those motions, because of minor technical violations.

Defendant Andina Licores ("Defendant") alleges Plaintiff's late filing prejudiced it. Although the exact nature of the prejudice is not entirely clear, the court is well aware that under some circumstances a late filing on a Friday night may delay consideration of the filed material for several days and may prejudice the respondent's ability to prepare an adequate opposition. The court also recognizes the time required to respond to Plaintiff's *ex parte* request intrudes on the time available to prepare the opposition. The court finds the proper remedy for any prejudice Defendant may have suffered as a result of the late filing is simply an extension of time for filing of opposition to Plaintiff's motion for summary judgment.

THEREFORE, in consideration of the foregoing, it is hereby ordered that:

1. The court exercises its discretion to accept all documents filed in conjunction with Plaintiff's motion for summary judgment, including those documents filed on February 25, 2006.
2. Plaintiff's motion to modify the Order is DENIED as moot.
3. Defendant may request up to seven (7) days of additional time for the filing of an opposition to Plaintiff's motion for summary judgment. Such additional time will be granted without requirement of supporting facts and shall not be opposed by Plaintiff. Further time in addition to seven (7) days may be granted only upon good cause shown and upon opportunity for opposition by Plaintiff. If additional time is requested by Defendant for preparation of opposition, a corresponding amount of time will be added to Plaintiff's time for preparation of any reply.
4. The Order is modified as follows: the final date for hearing on pre-trial motions shall

be Monday, April 3, 2006.

IT IS SO ORDERED.

**Dated:     March 3, 2006**                              **/s/ Anthony W. Ishii**
h2ehf                                          UNITED STATES DISTRICT JUDGE

4