IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E. & J. GALLO WINERY, a California corporation,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>ANDINA LICORES S.A., a corporation organized under the laws of Ecuador,<br><br>　　　　　　Defendant | CV F 05-0101   AWI LJO<br><br>ORDER ON PLAINTIFF'S *EX PARTE* APPLICATION FOR CONTINUANCE, DENYING OR STRIKING DEFENDANTS CROSS-MOTION AND STRIKING PORTION OF DEFENDANT'S REPLY BRIEF<br><br>Document # 128-1 |

　　　　In this action for declaratory relief, abuse of process, unfair competition, and breach of contract, plaintiff E. & J. Gallo Winery ("Plaintiff") has made an *ex parte* application to: (1) continue the hearing on Plaintiff's motion for summary judgement; (2) strike the cross-motion for summary judgment by defendant Andina Licores S.A. (Defendant) or, in the alternative, grant an extension of time for reply to Defendant's opposition; and (3) to strike a portion of Defendant's reply brief to Defendants motion to dismiss pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, where it is alleged Defendant raised new issues not raised in its motion to dismiss; or, in the alternative, to permit Plaintiff to sur-reply.

　　　　On March 29, 2006, the court issued an order moving the date of the pretrial conference to July 20, 2006, and the trial date to August 15, 2006.  The same order also took the parties' briefings on Plaintiff's motion for summary judgment under submission as of April 3, 2006.  Plaintiff has acknowledged that the court's order taking the matter under

submission and moving the pretrial conference and trial dates addresses Plaintiff's concern regarding the date of the hearing on the motion for summary judgment and renders Plaintiff's *ex parte* application to move the hearing date moot.

The court next considers Plaintiff's *ex parte* application to strike Defendant's cross-motion for summary judgment or in the alternative, to be granted an extension of time to file a responsive pleading. The court has reviewed Defendant document titled "[Defendant's] OPPOSITION MEMORANDUM OF POINTS AND AUTHORITIES REGARDING [Plaintiff's] MOTION FOR SUMMARY JUDGMENT, SUMMARY ADJUDICATION, PRELIMINARY INJUNCTION; NOTICE OF MOTION AND CROSS-MOTION FOR SUMMARY JUDGMENT AND SUMMARY ADJUDICATION OF AFFIRMATIVE DEFENSE" (hereinafter "Defendant's Opposition"). After reviewing Defendant's Opposition, the court does not agree with Plaintiff that the pleading actually constitutes a cross-motion for summary judgment, regardless of what the title says. The court finds Defendant's Opposition is simply an opposition to Plaintiff's motion for summary judgment and will construe Defendant's Opposition as such.

Having made that finding, however, the court also finds Defendant's Opposition is written in a way that conveys some ambiguity as to exactly what Defendant intends to accomplish as a result of the pleading. The parties are cautioned to keep in mind precisely what issues are before this court and what issues are before the Ecuadorian court. The only issues before this court are the issues raised by Plaintiff's complaint and by Defendant's defenses to the allegations in that complaint. Thus, the Ecuadorian Decree 1038-A, which Defendant discusses at some length and in many different contexts, is relevant in this case only as to two issues: (1) does Decree 1038-A modify or otherwise inform the legal standard this court will employ to determine whether Plaintiff is entitled to summary judgment in its claims; and (2) does Decree 1038-A modify or otherwise inform the legal standard this court will employ in determining the validity of any affirmative defense Defendant may assert? In

other words, this court will consider the impact of Decree 1038-A only insofar as it may inform or modify the legal analysis in <u>this</u> case in <u>this</u> court.

Whether Decree 1038-A may or may not modify or inform the legal analysis the Ecuadorian court applies to the issues before it in the Ecuadorian action is of no concern to this court. The court has previously discussed the non-identity of the action instituted in Ecuador by Defendant and the Action instituted in this country by Plaintiff. The parties are referred to the court's memorandum opinion and order filed June 27, 2005, Document # 62, where the court discussed the separate nature of the actions and the lack of preclusive effect that one court's determination might have on the other. The court points out that to date neither party has presented a compelling argument that either this court or the Ecuadorian court is under an obligation to harmonize its determinations with those of the other court. Thus, the court recognizes the possibility, in the abstract, that Plaintiff in this case may receive a favorable judgment on its allegation of breach of contract, for example; only to find its judgment unenforceable in Ecuador where Defendant has secured a favorable judgment on <u>its</u> allegation of breach of contract, which may well be unenforceable in this country

The court will deny Plaintiff's *ex parte* application to strike Defendant's alleged "cross-motion" for summary judgment. The court will, however, disregard any argument appearing in Defendants pleading that the court finds irrelevant to the issues directly before the court in this case. Plaintiff will be granted ten (10) days from the date of service of this order to file and serve a response to Defendants Opposition.

Plaintiff has also made an *ex parte* application to strike portions of Defendant's reply brief in support of its motion to dismiss Plaintiff's complaint pursuant to FRCP 12(c) because Defendant's reply set forth two entirely new arguments that had not been raised in its initial opposition. The court has examined the portion of Defendant's reply brief to which Plaintiff refers. The argument Defendant presents in this section appears to be a generalized statement on the limitations of declaratory relief where the parties' relationship to each other has

3

ceased, except for the determination of claims for damages for past wrongs, and there are no rights that remain to be allocated pertaining to any future relationship.  The objected-to portion of Defendants reply also appears to set forth an argument against the use of declaratory relief as a means of establishing res judicata over issues being litigated in another case.  It is also possible that the objected-to portion may be extraneous material meant as additional background to their argument on the defense of litigation privilege.

The problem the court faces is that it is not confined to the cases cited by the parties in making its determination as to what scope of declaratory relief, if any, it may grant with respect to Plaintiff's motion for summary judgment.  Thus, the court could strike Defendants arguments as requested, but independently cite one or more cases used by Defendant to determine the lawful extent of declaratory relief, particularly as such relief may relate to the case in progress in Ecuador.  In other words, even if the court strikes the objected-to argument, the court could find itself citing cases from the stricken portion of Defendant's reply to make determination concerning the appropriateness of declaratory relief.  The court finds the surest way to avoid prejudice to ether party is to deny Plaintiff's motion to strike without prejudice and allow Plaintiff to file a sur-reply.

Therefore, in consideration of the foregoing discussion, it is hereby ORDERED that:

1. Plaintiff's *ex parte* application for rescheduling of hearing on motions to dismiss and for summary judgment is DENIED as moot.
2. Plaintiff's *ex parte* application to strike those portions of Defendant's Opposition that may be construed as a cross-motion for summary judgment is DENIED.  Plaintiff may file and serve a reply brief in support of its motion for summary judgment on or before 4:00 p.m. on Tuesday, April 18, 2006.
3. Plaintiff's *ex parte* application to strike a portion of Defendant's reply brief in support of its motion to dismiss is DENIED without prejudice.  Plaintiff may file and serve a

sur-reply brief on or before 4:00 p.m. on Tuesday, April 18, 2006.

IT IS SO ORDERED.

**Dated:   April 7, 2006**                             **/s/ Anthony W. Ishii**
h2ehf                                                        UNITED STATES DISTRICT JUDGE