1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## IN THE UNITED STATES DISTRICT COURT FOR THE

## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| E. & J. GALLO WINERY, a California corporation, | ) ) ) | CV F 05-0101   AWI LJO |
| Plaintiff, | ) ) | ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO F.R.C.P. 12(c) |
| v. | ) ) | |
| ANDINA LICORES S.A., a corporation organized under the laws of Ecuador, | ) ) ) | |
| Defendant | ) ) ) | |

**INTRODUCTION**

This is a case that arises out of a distributorship contract between the parties wherein Andina Licores S.A. ("Andina") agreed to be a distributor of certain products of E. &J. Gallo Winery ("Gallo") in Ecuador.  In August of 2004, Andina commenced a civil proceeding in the Second Civil Court of Guayaquil, Ecuador (the "Ecuador action") alleging Gallo breached its distributorship contract with Andina.  On October 26, 2004, Gallo filed a suit against Andina in the Superior Court of Stanislaus County for declaratory relief, abuse of process, unfair competition, and breach of contract (the "California action").  The California action was removed to this court by Andina on January 24, 2005.  Pursuant to the order of the Ninth Circuit Court of Appeals, this court issued an anti-suit injunction against Andina's participation in further proceedings in the Ecuador Action.

Both parties have filed dispositive motions.  Under consideration in this opinion is

1   Andina's motion for judgment on the pleadings as to Gallo's claims for relief in the

2   California Action, on the ground California's "litigation privilege" prevents Gallo from

3   maintaining an action that seeks relief based on Andina's institution of the Ecuador action.

4   Diversity Jurisdiction exists pursuant to 28 U.S.C. § 1332.  Venue is proper in this court.

5   **PROCEDURAL HISTORY AND FACTUAL BACKGROUND**

6   The California action commenced in this court with the removal of the case from the

7   Stanislaus Superior Court on January 24, 2005.  In the California action, Gallo requests

8   declaratory judgment and alleges claims for abuse of process, unfair competition under

9   California law, and breach of contract.  Andina filed a motion to dismiss for lack of personal

10   jurisdiction on the same day the case was removed to this court.  Andina's motion to dismiss

11   was denied without prejudice because Andina failed to properly notice the motion.  Gallo

12   filed a motion to remand on February 23, 2005, which was subsequently denied on April 15,

13   2005.  Andina filed its second motion to dismiss on April 28, 2005.  Gallo filed its opposition

14   to Andina's motion and a cross-motion for preliminary injunction and letter rogatory on May

15   23, 2005.  On June 27, 2005, the court filed a memorandum opinion and order denying

16   Andina's motion to dismiss and denying Gallo's motion for preliminary injunction and letter

17   rogatory.  Gallo appealed the court's denial of Gallo's request for preliminary injunction.

18   The Ninth Circuit Court of Appeal reversed the court's denial by an order dated May 1, 2006.

19   Pursuant to the order of the appellate court, this court issued a preliminary anti-suit injunction

20   prohibiting Andina's prosecution of the Ecuador action on May 4, 2006.

21   Andina filed its motion for judgment on the pleadings that is the subject of this

22   opinion on February 24, 2006.  Gallo filed its opposition on March 13, 2006.  Andina filed

23   their reply on March 20, 2006.  Under separate consideration is Gallo's motion for summary

24   judgment or, in the alternative, summary adjudication, filed on February 24, 2006.  On March

25   29, 2006, the court took Andina's motion to dismiss and Gallo's motion for summary

26   judgment under submission, and reset the trial date in this case to August 15, 2006, and reset

27

28                                                          2

the pretrial conference to July 26, 2006.  Also on March 29, 2006, Gallo filed an ex parte

application to strike a portion of Andina's reply that Gallo alleged presented a new argument

for judgment as to Gallo's first claim for declaratory relief.  In the alternative, Gallo moved to

be allowed to file a sur-reply to address Andina's new argument.  On April 7, 2006, the court

granted Gallo permission to file a sur-reply to Andina's opposition and correspondingly

denied Gallo's motion to strike.  Gallo's sur-reply was filed on April 18, 2006.

Gallo is a large, family-owned winery whose headquarters are located in Modesto,

California.  Gallo manufactures a variety of wine products in facilities located in California

and markets its products worldwide.  In 1978 Gallo entered into an agreement with Andina,

then a limited liability company, to distribute certain of Gallo's products in Ecuador.  In 1987

Andina changed its structure to become a corporation and updated its distributor agreement

with Gallo (hereinafter, the "Agreement") to reflect the change.  The complaint alleges that

on April 5, 2004, Gallo received correspondence from Andina that alleged Gallo had

breached the Agreement by violating Andina's exclusive distributorship right, that Gallo had

delayed shipment of products and had overcharged.  Gallo answered Andina's

correspondence by pointing out that the Agreement does not provide Andina exclusive

distributorship rights.  Gallo also denied the other allegations.

Gallo's complaint in the California action (hereinafter the "complaint") alleges

Andina commenced the Ecuador action on or about August 11, 2004, by filing a lawsuit in

the Second Civil Court of Guayaquil, Ecuador, alleging causes of action for breach of the

Agreement.  Gallo's fourth claim for relief alleges Andina's institution of the Ecuador action

violates the forum selection clause of the Agreement as well as the Agreement's choice of

law provisions and that the institution of the Ecuador action therefore constitutes a breach of

contract.  Gallo's second claim for relief alleges Andina's conduct in the Ecuador action

infringed Gallo's due process rights and that the institution of the Ecuador action constitutes

abuse of process.  Gallo's third claim for relief alleges unfair business practices pursuant to

Sections 17200 3t seq. of the California Business and Professions Code.

Of significance to the discussion that follows, the complaint alleges that pursuant to the Agreement, the parties agreed that all legal disputes arising under the Agreement would be litigated in Stanislaus County or in the federal district court having jurisdiction in Stanislaus County.  The Agreement also provided that any disputes between the parties would be resolved pursuant to California law.  Gallo alleges the Agreement provides that CT Corporation would serve as Gallo's agent in Ecuador for service of process.

Gallo's complaint alleges that when Andina instituted the proceeding in Ecuador, they used a procedure under Ecuador law whereby the court appointed an attorney of Andina's choosing, a person named Rita Yepez de Daher, to represent Gallo in the proceeding.  Gallo alleges this process is used in Ecuadorian courts only where the party bringing the action is without knowledge of the location or address of the defendant.  Since the complaint does not allege the Ecuadorian court conspired or colluded with Andina in making this appointment, the court infers that Gallo's complaint includes the allegation that Andina accomplished the appoint of Rita Yepez de Daher by representing to the court that Andina was unaware of Gallo's location or address.  In subsequent pleadings, the parties have referred to a person appointed by this process  as a *curador dativa*, a name the court will adopt and also use as a descriptor of the process by which the *curador dativa* is appointed.

Gallo's complaint alleges it was never served notice of the Ecuador action in conformity with Ecuadorian or American law and only became aware of the action when it received a letter from the *curador dativa* on September 16, 2004.  Gallo alleges they were informed that the Ecuador action involved an extremely foreshortened discovery period which ended one day after Gallo received notice of the action.  Because the *curador dativa* presented only generalized denials of the allegations contained in Andina's Ecuador action, Gallo alleges it was prevented from presenting any affirmative defenses, including forum and choice of law provisions contained in the Agreement.  During the course of the proceedings

4

in this court the parties have represented that the Ecuador action was subsequently dismissed for lack of proper jurisdiction, but that Andina has appealed that dismissal.

Gallo's first claim for relief seeks judicial declaration of Gallo's rights under the distributorship contract that are in dispute as a result of the Ecuador action. Specifically, Gallo requests the court declare that:

1.   The choice of forum provision in the distributorship agreement that specified either Stanislaus County Superior Court or this court is enforceable and binding on the parties;

2.   The choice of law provision of the Agreement that designates California law as controlling is enforceable and binding on the parties;

3.   Pursuant to the Agreement, CT corporation is the designated agent for service of process for both Andina and Gallo in any dispute between the parties;

4.   By filing the Ecuador action, Andina violated the forum selection and choice of law provisions of the Agreement;

5.   Any judgment rendered by the Ecuador Court should not be recognized or enforced by California courts;

6.   The Agreement provides that Andina was and is a non-exclusive distributor for Gallo in Ecuador; and,

7.   Gallo did not breach the Agreement.

As initially pled, Andina's motion to dismiss was grounded on California Civil Code, section 47(b), which provides that communications in a judicial proceeding or in any other proceeding authorized by law are privileged. Andina, in its reply to Gallo's opposition to the motion to dismiss raised for the first time the argument that Gallo's first claim for declaratory relief should be dismissed on the ground declaratory relief in this case is an inappropriate means of obtaining judgment on issues that were raised in the Ecuador action. Pursuant to the court's order of April 7, 2006, Gallo's motion to strike this new argument was denied and Gallo was permitted to file a sur-opposition brief.

**LEGAL STANDARD**

Andina's motion to dismiss is pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Pursuant to Rule 12(c), "[a]fter the pleadings are closed but within such time as

not to delay trial, any party may move for judgment on the pleadings." The legal standard applied to a motion for judgment on the pleadings is the same as the legal standard applied on a motion to dismiss pursuant to Rule 12(b)(6). Quest Communications Corp. v. City of Berkeley, 208 F.R.D. 288, 291 (N.D. Cal. 2002). Judgment on the pleadings is appropriate when, even if all material facts in the pleading under attack are true, the moving party is entitled to judgment as a matter of law. Hal Roach Studios v. Richard Feiner & Co., 883 F.2d 1429, 1436 (9th Cir. 1989). The court must assume the truthfulness of the material facts alleged in the complaint. All inferences reasonably drawn from these facts must be construed in favor of the responding party. General Conference Corp. of Seventh-Day Adventists v. Seventh Day Adventist Congregation Church, 887 F.2d 228, 230 (9th Cir. 1989). If matters outside the pleadings are considered, the motion shall be treated as one for summary judgment. Fed. R. Civ. Pro. 12(c). However, documents submitted with the complaint may be considered as part of the complaint for purposes of a motion for judgment on the pleadings. Hal Roach Studios v. Feiner & Co., 896 F.2d at 1555. The court may consider the full text of documents referred to in the complaint without converting the motion to a motion for summary judgment, provided that the document is central to plaintiff's claim and no party questions the authenticity of the document. Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir. 1994).

## DISCUSSION

### I. Litigation Privilege

Section 47, subdivision (b) of the California Civil Code provides for California's "litigation privilege." In pertinent part, the statute provides:

A privileged publication of broadcast is one made:

[¶ . . . .¶]

In any (1) legislative proceeding, (2) judicial proceeding, (3) in any other official proceeding authorized by law, or (4)in the initiation of course of any other proceeding authorized by law . . . .

6

"In general, the litigation privilege precludes liability for communications made in any proceeding of a legislative, judicial, or official nature, and in proceedings where a writ of mandate is sought." Schoendorf v. U.D. Registry, Inc., 97 Cal.App.4th 227, 241 (2nd Dist. 2002).

> Originally enacted in 1872, this provision stems from the common law's defense to defamation actions for statements made in judicial proceedings. [Citations.] since its inception, however, [. . .] the litigation privilege afforded by section 47, subdivision (b) has been expanded to bar virtually all tort actions based on any "publication or broadcast" made in the course of a judicial proceeding. [Citations.]

O'Keefe v. Kompa, 84 Cal.App.4th 130, 133-134 (4th Dist. 2000).

"'The litigation privilege is intended to encourage *parties* to feel free to exercise their fundamental right of resort to the courts for assistance in the resolution of their disputes, without being chilled from exercising this right by the fear that they may subsequently be sued in a derivative tort action arising out of something said or done in the context of the litigation. . . .' [Citation.]" Schoendorf, 97 Cal.App.4th at 241 (quoting Aronson v. Kinsella, 58 Cal.App.4th 254, 262 (1997)) (italics in original, internal quotations omitted). The privilege applies to bar all actions in tort except malicious prosecution. Id.

Gallo makes a number of contentions with respect to Andina's reliance on the litigation privilege to bar all of Gallo's claims for relief. As an initial matter, Gallo contends that the litigation privilege is an affirmative defense and that a motion for judgment on the pleadings that does not challenge the sufficiency of the pleadings directly, but relies instead on an affirmative defense is improper under Rule 12(c).

Gallo correctly contends that under Rules 12(b)(6) and 12(c), dismissal is not appropriate where the applicability of an affirmative defense is not apparent on the face of the complaint. Groten v. California, 251 F.3d 844, 851 (9th Cir. 2001). In Groten, the court observed that the application of the affirmative defense of qualified immunity in the context of a civil rights suit was a fact specific determination that could not be made on the face of the complaint.

Such is not the case here.  However it is pled, the litigation privilege is in the nature of an immunity that serves to bar certain claims according to the type of claim, rather than according to the underlying facts of the claim.  Whether a claim is barred or not is discernable from the type of claim (tort or non-tort) and according to the gravamen of the action; both facts being apparent on the face of the complaint.  While the court agrees that dismissal under Rule 12(b)(6) or 12(c) is not appropriate where the applicability of an affirmative defense is not apparent on the face of the complaint, the court finds that in this case the applicability of the litigation privilege is apparent from the face of Gallo's complaint.

Gallo next contends the litigation privilege is inapplicable here because the gravamen of Gallo's action is aimed at *acts* committed by Andina, not at broadcasts or communications. "Because the litigation privilege protects only publications and communications, a 'threshold issue in determining the applicability' of the privilege is whether the defendant's conduct was communicative or noncommunicative." <u>Rusheen v. Cohen</u>, 37 Cal.4th 1048, 1058 (2006). Gallo argues vigorously that their California action arises from Andina's wrongful *acts*, not from wrongful "publications or broadcasts."  Specifically, Gallo contends that the gravamen of its action against Andina are the act of Andina's filing of the Ecuador action and the act of using the *curador dativa* process.

The court disagrees with Gallo's characterization of its action.  "Pleadings and process in a case are generally viewed as privileged communications." <u>Navellier v. Sletten</u>, 106 Cal.App.4th 763, 770 (1st Dist. 2003).  Complaints and subsequent pleadings are privileged. <u>Ruben v. Green</u>, 4 Cal.4th 1187, 1195 (1993).  Although the "distinction between communicative acts and noncommuicative conduct ultimately hinges on the gravamen of the action," it is generally held that, "unprivileged, non-communicative conduct occurs 'completely outside the judicial proceedings.' [Citation.]" <u>Navellier</u>, 106 Cal.App.4th at 771. "The [litigation] privilege has been applied specifically in the context of abuse of process claims alleging the filing of false or perjurious testimony or declarations. [Citation.]"

1    Rusheen v. Cohen, 37 Cal.4th 1048, 1058 (2006).

2         In Rusheen, the California Supreme Court reviewed the decision of an appellate court,

3    which held that a party could be liable for abuse of process in seeking enforcement of a

4    default judgment obtained by filing false proofs of service.  Rusheen, 37 Cal.4th at 1054-

5    1055.  The appellate court followed Drum v. Bleau, Fox & Assoc., 107 Cal.App.4th 1109

6    (2nd Dist. 2003), which held that, although the filing of perjured documents fell within the

7    litigation privilege as communicative conduct, the conspiracy to execute on the improper

8    default judgment was a non-communicative act outside the scope of the litigation privilege.

9    Rusheen, 37 Cal.4th at 1055.  In overruling the appellate court, the California Supreme Court

10   held specifically "that if the gravamen of the action is communicative, the litigation privilege

11   extends to noncommunicative acts that are necessarily related to the communicative conduct .

12   . . ."  Id. at 1065.

13        The Rusheen court made an extensive review of those acts that courts have held

14   communicative in nature and therefore subject to the litigation privilege.  See id. at 1058-

15   1059.  Generally, the filing of an action or any pleading, proof or declaration within an action

16   has been held to be communicative in nature.  Gallo's contention that the gravamen of its

17   California action is in response to non-communicative acts that lie outside the scope of the

18   litigation privilege is rejected.  The gravamen of Gallo's action is that Andina filed its action

19   in Ecuadorian court in violation of the forum and choice of law provisions of the

20   distributorship agreement, and that Andina made false representations to the Ecuadorian

21   court in order to avail itself of the *curador dativa* process or function.  Thus the "acts" that

22   are the subject of Gallo's action are the acts of filing a complaint and of making a false

23   representation to the court in connection with the action; both actions that have clearly and

24   consistently been held communicative in nature and within the scope of the litigation

25   privilege.

26        Gallo next contends that regardless of whether the filing of the Ecuador action and the

27

28                                                    9

use of the *curador dativa* process were communicative acts subject to the litigation privilege, the litigation privilege only bars actions in tort and does not bar Gallo's first and fourth claims for relief for declaratory judgment and breach of contract, respectively.  Andina disputes Gallo's contention that the litigation privilege does not bar Gallo's claim for breach of contract.

Andina's brief in support of its motion to dismiss did not directly confront the issue of whether the litigation privilege bars actions in tort, but not actions for breach of contract.  In its opposition to Andina's motion to dismiss, Gallo points out that the court's decision in Rusheen, holds that the litigation privileges bars *tort* actions, except for malicious prosecution, that arise out of any prior judicial proceeding.  Rusheen, 37 Cal.4th at 1057. This court notes that the same has been held in Schoendorf, 97 Cal.App.4th at 242, and in O'Keefe, 84 Cal.App.4th at 134, although none of these cases had cause to directly examine the question of whether the litigation privilege served to bar actions for breach of contract.

In its reply to Gallo's opposition to the motion to dismiss, Andina cites Laborde v. Aronson, 92 Cal.App.4th 459 (4th Dist. 2001), Pollock v. Superior Court, 229 Cal.App.3d 26 (4th Dist. 1991), and Wentland v. Wass, 126 Cal.App.4th 1484 (3rd Dist. 2005), for the proposition that the litigation privilege serves to bar derivative suits on breach of contract claims, as well as for tort claims for relief.  The cited authorities do not support Andina's contention.

In Pollock, the plaintiff sued the opposing counsel for breach of contract and fraud for failing to notify the court in a prior case of settlement in that case and to take a scheduled mandatory settlement conference off calendar, resulting in sanctions against the plaintiff. Pollock, 229 Cal.App.4th at 26.  The Pollock court never considered the issue of whether the derivative action was barred by the litigation privilege.  Instead, the court focused on the impropriety of seeking remedy through a derivative action when a more established and efficient means of redress would be through requesting reconsideration of the sanction

decision, appeal of the sanction order, or an independent action in the court that assessed the sanction award.  Id. at 29-30.  Since the parties in Pollock apparently did not raise the issue of applicability of the litigation privilege, the court made no mention of the privilege.

In Laborde, the plaintiff, a disappointed party in a prior divorce action, sued his wife's attorney and an expert witness alleging a variety of claims for relief including breach of contract, malpractice, defamation, and others.  Laborde, 92 Cal.App.4th at 461.  The Laborde court examined the scope of the litigation privilege in the context of a motion for summary judgment.  Significantly, the Laborde court relied mainly on Gootee v. Lightner, 224 Cal.App.3d 587 (1990), a case with facts indistinguishable from the those under consideration in Laborde.  The Laborde court noted that under an identical set of facts, the court in Gootee had held that, because the gravamen of the plaintiff's action was "'negligent or intentional tortious conduct committed by [defendants] in connection with the testimonial function,'" the litigation privilege applied to bar plaintiff's action.  Laborde, 92 Cal.App.4th at 463 (quoting Gootee, 224 Cal.App.3d at 591).  In the same vein, the Laborde court examined the case of Silberg v. Anderson, 50 Cal.3d 205 (1990), another dissolution proceeding with similar underlying facts, and concluded that in that case as well the litigation privilege of "section 47 covers all tort claims based on negligent and intentional conduct." Laborde, 92 Cal.App.4th at 464 (citing Silberg, 50 Cal.3d at 219-220).

The Laborde court held that the defendants in the derivative action had satisfied their burden for purposes of summary judgment by making a prima facie showing that the litigation privilege barred the plaintiff's action.  The plaintiff, in opposing the dismissal, relied on the spoilation of evidence exception to the litigation privilege, Laborde. 92 Cal.App.4th at 464-465, but did not address whether the litigation privilege operated to bar his breach of contract claim.  The Laborde court found the spoilation argument unpersuasive on factual grounds and concluded that plaintiff had failed to adequately raise a triable issue of fact.  The trial court's grant of summary judgment was therefore upheld.

11

Wentland v. Wass, is the first, and to this court's knowledge, the only case to directly confront the issue of whether the litigation privilege bars a breach of contract claim in a derivative action.  In Wentland, court examined cases, including Pollock and Laborde, where the courts have applied the litigation privilege to bar breach of contract cases, but without any discussion.  The Wentland court concluded that the application of the litigation privilege in a breach of contract claim "turns on whether its application furthers the policies underlying the privilege."  Wentland, 126 Cal.App.4th at 1492.

Unlike the claims in Pollock and Laborde, Gallo's breach of contract claim does not sound in tort.  The claim is based on Andina's alleged failure to abide by the choice of law and venue selection provisions that had been mutually agreed upon and had been in force for a number of years preceding the instant action.  Putting aside for a moment the issue of whether the purpose of the litigation privilege extends to support a policy that encourages parties to feel free to exercise their fundamental right of resort to *foreign* courts, the court finds Gallo's claim of breach of contract does discourage Andina's access to either foreign or domestic courts.

The gravamen of Andina's action in Ecuador is that Gallo breached the Agreement by selling wine directly to Andina's biggest customer.  The gravamen of Gallo's breach of contract claim is that Andina violated Gallo's bargained-for right to litigate Andina's claim in California under California law.  Gallo's breach of contract claim does not impinge on Andina's fundamental right to resort to court; it merely shifts the costs of litigation in Ecuador to Andina because Andina has chosen to litigate its claims in a court other than specified by the Agreement.  While case law firmly establishes that the litigation privilege bars derivative *tort* claims that arise out of actions filed in the wrong court or that are advanced by means of fraudulent representations to the court, there is nothing in the case law that prohibits allocating costs to the party that chooses to ignore agreed-upon contractual provisions.

12

Because Gallo's breach of contract claim sounds in contract and not in tort, and because the claim does not impinge on Andina's right to resort to this or any other court, or in any other way contravene the policy reasons for the litigation privilege, this court finds the litigation privilege does not bar Gallo's breach of contract claim.

Gallo contends and offers authority for the proposition the litigation privilege does not bar actions for declaratory relief. Andina has offered no opposition to Gallo's contention. The court therefore finds Andina has waived objection to Gallo's claim for declaratory relief on the ground of applicability of the litigation privilege.

Gallo's final argument in opposition to Andina's motion to dismiss on the ground of litigation privilege is that the privilege does not apply to bar suits that are derivative to suits filed in foreign courts.

Gallo contends the single case cited by Andina to support its claim that the litigation privilege does apply to actions that are derived from actions instituted in foreign courts fails to support that proposition. In Beroiz v. Wahl, 84 Cal.App.4th 485 (2nd Dist. 2001), the appellate court upheld the trial court's grant of summary judgment on the ground of litigation privilege in a California suit that alleged defamation against a party who had made an allegation of criminal wrongdoing in Mexico to a Mexican authority. Id. at 489-490. Examining first the applicability of the litigation privilege in an action in a foreign country, the Beroiz court held the privilege does apply. The court observed:

> The conclusion that the section 47 privileges may properly shield conduct in Mexico finds additional support in the policies underlying these privileges. Although foreign judicial systems differ from California's judicial system, applying the [litigation] privileges to proceedings and communications in foreign countries tends to promote these policies. Generally, "[a] foreign judgment will be res judicata in an American court if it has that effect in its country of rendition, and if it meets the American standard of fair trial before a court of competent jurisdiction." [Citation.] Thus, applying the absolute privilege to fair judicial proceedings in foreign countries encourages American citizens in these countries to resolve disputed in the courtroom, rather than by self-help, promotes the finality of judgment, and limits derivative tort litigation in California Courts.

Id. at 494.

13

1    Gallo argues that the facts alleged in its complaint, which the court must accept as

2    true in the context of a motion to dismiss on the pleadings, established that the Ecuadorian

3    court lacks the appropriate procedural safeguards to conduct a fair trial and is therefore not a

4    court of competent jurisdiction.  Gallo's argument confuses the effect of Andina's fraudulent

5    representations to the Ecuadorian court circumventing the court's procedural safeguards with

6    the lack of due process safeguards.

7        Basically, what the complaint alleges is that Andina fraudulently invoked the *curador*

8    *dativa* process in the Ecuador court, a process that has the apparent purposes of safeguarding

9    due process rights of parties where there the aggrieved party does not know the identity or

10   whereabouts of the offending party, and used that fraudulent invocation to prevent Gallo from

11   presenting a proper defense.  It is axiomatic that fraudulent representations to a court has the

12   capacity to, and often does, unfairly bend proceedings in favor of the abuser.  This can

13   happen in any court in this or any other country.  However, it does not follow that, because a

14   court may be susceptible in the short term to fraudulent representations by a party, it is

15   incompetent of jurisdiction.  The pertinent question is whether the mechanisms of the court

16   that was the victim of the fraudulent representations are sufficient to correct the unfairness.

17   Neither Gallo's pleadings nor the events the parties have alleged in the time period since the

18   filing of the complaint give this court sufficient grounds to find that the Ecuadorian court is

19   inherently incapable of correcting the due process violations that resulted from Andina's

20   fraudulent representations to the court.  Stated another way, Gallo has not carried its burden

21   to show Ecuadorian court is not a court of competent jurisdiction because it lacks due process

22   safeguards.

23       This is not to say that the course of events in the Ecuador action were fair or proper by

24   either California standards or Ecuadorian standards.  Accepting the allegations set forth in the

25   complaint as factual, it is clear Andina engaged in gross abuse of process.  Case authority

26   makes it clear that courts have upheld the preclusive effect of the ligation privilege on

27

28                              14

derivative tort actions for abuse of process at least in part because non-tort remedies are usually available and exert less of an inhibiting influence on the fundamental right of access to courts.  See e.g., Rusheen, 37 Cal.4th at 1064 (denial of an abuse of process claim is mitigated by non-tort remedies); Pollock, 229 Cal.App.3d at 29 (plaintiff in derivative action for abuse of process has duty to seek remedies in the underlying case, such as appeal or request for reconsideration, rather than commence derivative action in tort).

   In this case Gallo has availed itself of alternate, non-tort, remedies for the abuse of process it suffered as a result of Andina's Ecuador action.  First, Gallo availed itself of injunctive remedy to halt the proceedings in the Ecuador action, forcing Andina to litigate in a California court to seek remedy for its claims.  Second, Gallo instituted this action to recover the costs that it was forced to expend in the Ecuadorian action by filing a non-tort action for breach of contract in this court.

   Gallo also contends that the Ecuadorian court was not a court of competent jurisdiction within the meaning of the holding in Beroiz because the forum selection clause specified a different court.  The Ninth Circuit's opinion of May 1, 2006, removed any doubt as to the binding nature of the forum selection and choice of law provisions contained in the Agreement.  Thus, this court takes it as established that Andina was bound by the Agreement to seek relief for its claim that Gallo breached the Agreement in California.

   The court in Beroiz, applied the litigation privilege to a pre-litigation filing of a complaint in a foreign jurisdiction, 84 Cal.App.4th at 497, thereby settling the issue of whether California's litigation privilege applies to proceedings in non-United States jurisdictions.  However, by specifying that the privilege applies in any court of *competent* jurisdiction, the Beroiz court left open the possibility that the tort of abuse of process might not be barred by the litigation privilege where the jurisdiction in question is *incompetent* of jurisdiction because a binding forum selection clause specified a different court.

   A valid, contractually agreed-upon forum selection clause does not "'oust' a court of

jurisdiction." M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 12 (1972).  Rather, a valid

forum selection clause imposes on a court that may otherwise have jurisdiction the obligation

to "give effect to the legitimate expectations of the parties, manifested in their freely

negotiated private international agreement . . . ." Id.  If a court cannot be said to be deprived

of jurisdiction as the result of a forum selection clause, logic dictates that a court that is not

designated by the forum selection clause is not *incompetent* of jurisdiction within the

meaning of Beroiz solely because the forum selection clause exists.

   As discussed above, Gallo has not made a showing that would allow this court to find

the Ecuadorian court incompetent of jurisdiction on the basis of any intrinsic lack of due

process safeguards.  The only remaining basis for finding the litigation privilege does not

apply to a derivative action for abuse of process would be to find that the restrictions placed

on a court's exercise of jurisdiction as a result of a contractually established  forum selection

clause are synonymous with *incompetence* of jurisdiction as that terms is used in Berioz.

Gallo presents no authority for that proposition, nor is this court able to find any such

authority.  Such authority as the court has found is consistent with Bremen's holding that a

forum selection clause does not deprive a court of jurisdiction, a holding this court considers

at odds with the notion that a court is incompetent of jurisdiction solely because it is not the

court designated by the forum selection clause.

   The purposeful filing of an action in the wrong court for the purpose of interfering

with the ability of the opposing party to defend the action is abuse of process.  See Barquis v.

Merchants Collection Ass'n of Oakland, Inc., 7 Cal.3d 94, 103 (1972).  Gallo provides no

authority that would justify this court in finding that the filing of an action in the wrong court

in violation of a valid forum selection clause is a particular kind of abuse of process that

would constitute an exception to California's well established rule that the litigation privilege

bars derivative tort actions for abuse of process.

   The litigation privilege prevents derivative actions in *tort* based on abuse of process.

16

As the court in <u>Barquis</u> pointed out, such actions may be enjoined because legal remedies are inadequate.  <u>Id.</u>  Gallo has already availed itself of that remedy, having enjoined Andina's participation in the Ecuador action.  Gallo may recover its damages under breach of contract theory.  The additional remedy of a derivative action in tort is not available.

**II.  Additional Arguments on Gallo's First Claim for Declaratory Relief**

In its opposition to Andina's motion to dismiss, Gallo cites <u>Wilton v. Mountain Wood Homeowners Ass'n, Inc.</u>, 18 Cal.App.4th 565, 571 (1993) for the proposition that the litigation privilege does not apply to bar claims for declaratory relief in derivative actions. The court has reviewed the cited authority and finds it supports Gallo's contention, although without any discussion on the matter.  Andina's reply to Gallo's opposition contains a section titled "Applicability of the Litigation Privilege to a Declaratory Relief Claim," however the discussion contained in that section has nothing to do with the litigation privilege so far as the court can determine.  Rather, Andina sets out a series of somewhat confusing and overlapping arguments that together are aimed at establishing the proposition that declaratory relief is not appropriate in this case for what are essentially policy reasons.

The authority of district courts to declare the legal right of parties is set forth by Title 28 U.S.C. § 2201 which provides, in pertinent part:

> In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.   Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201(a).

"Declaratory relief is an equitable remedy.   Its distinctive characteristic is that it allows adjudication of the parties' rights and obligations on a matter in dispute regardless of whether claims for damages or injunctive relief have yet arisen."   Rutter, Cal. Practice Guide: Fed.Civ.Pro. Before Trial, 10.3.  To determine if there is a case or controversy allowing for a declaratory judgment action, the court must determine whether the facts

17

alleged show that there is a substantial controversy between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. Maryland Casualty Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 273 (1941).

It is important to note that the pleadings regarding Andina's motion to dismiss were all submitted prior to May 1, 2006, the date the Ninth Circuit Court of Appeal filed its opinion reversing this court's denial of Gallo's motion for an anti-suit injunction in the Ecuador action. Thus, the parties pleadings do not take into account the subsequent holding of the Ninth Circuit.

Apart from the tort claims that are barred by the litigation privilege, Gallo's California action has essentially two parts. First, Gallo seeks a legal determination that Andina unlawfully filed the Ecuador action in violation of binding forum selection and choice of law provisions. From that determination, Gallo seeks a legal declaration that any determination made in the Ecuador action is of no force or effect in this jurisdiction. Second, Gallo seeks damages arising from expenses it incurred in defending itself in the Ecuador action.

To a large extent, the Ninth Circuit's opinion impliedly resolves most, if not all, of Gallo's claims for declaratory judgment, and removes any uncertainty as to the determination of those issues by this court. Likewise, the Ninth Circuit's opinion renders invalid any arguments Andina may have against declaratory judgment that are predicated on the vitality of the Ecuador action, or on any concerns about the impropriety of a "race to res judicata." In short, the Ninth Circuit's holding declares the choice of law and forum selection clauses of the Agreement binding and enforceable on the parties and, by implication, renders invalid in this jurisdiction any decision in the Ecuador action that fails to recognize that any dispute arising out of the Agreement should be litigated in accordance with the terms set forth therein.

At this point, the most compelling reason to deny Andina's motion to dismiss Gallo's

claim for declaratory judgment is that this court is bound to reflect the law of the case as determined by the Ninth Circuit's decision. To decline to declare Gallo's rights with respect to the specific issues listed when those rights have already been decided by the Ninth Circuit would be both pointless and improper. Andina's arguments for dismissal of Gallo's claim for declaratory judgment are therefore rejected without further analysis.

### CONCLUSION

In general, abuse of process is a tort claim that is barred by the litigation privilege. Gallo has failed to show that any exception to the general rule that tort claims are barred by the litigation privilege applies in this case. Therefore, Andina's motion to dismiss Gallo's abuse of process claim will be granted. Gallo's claim for unfair business practices pursuant to section 17200 of the California Business and Professions Code is based on allegations of the same conduct that are alleged to support Gallo's abuse of process claim; that is, Andina's filing of, and conduct in prosecuting the Ecuador action. For that reason, Gallo's claim pursuant to section 17200 is similarly barred. See Swanson v. St. John's Regional Med. Ctr., 97 Cal.App.4th 255, 249 (2nd Dist. 2002) (claim is barred under section 17200 where the conduct that forms the basis of that claim is subject to the litigation privilege). Gallo's contract claim to recover damages it incurred as a result of Andina's breach is not barred by the litigation privilege, nor is Gallo's claim for declaratory judgment.

THEREFORE, in accordance with the foregoing discussion it is hereby ORDERED that Andina's motion to dismiss pursuant to Rule 12(c) of the Federal Rules of Civil Procedure is hereby GRANTED as to Gallo's second and third claims for relief (abuse of process and unfair business practices, respectively), and is DENIED as to Gallo's first and fourth claims for relief (declaratory judgment and breach of contract, respectively). IT IS SO ORDERED.

Dated:  __June 29, 2006__                         _____/s/ Anthony W. Ishii_____
0m8i78                                            UNITED STATES DISTRICT JUDGE