IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E. & J. GALLO WINERY, a California corporation,<br><br>     Plaintiff,<br><br>v.<br><br>ANDINA LICORES S.A., a corporation organized under the laws of Ecuador,<br><br>     Defendant | CV F 05-0101   AWI LJO<br><br>MEMORANDUM OPINION AND ORDER DENYING ANDINA'S MOTION TO RESTRAIN GALLO IN ECUADOR ACTION AND DENYING MOTION FOR STAY PENDING APPEAL<br><br>[Document # 157] |

**INTRODUCTION**

This is an action for damages and declaratory relief between plaintiff, E. &J. Gallo Winery ("Gallo"), a manufacturer of wine products in California and defendant Andina Licores, S.A. ("Andina") a distributor of alcoholic beverages in Ecuador.  The underlying dispute arises out of a distributorship agreement that was executed by the parties most recently in 1987 (hereinafter, the "Agreement").  In August of 2004, Andina commenced a civil proceeding in the Second Civil Court of Guayaquil, Ecuador (the "Ecuador action") alleging Gallo breached the agreement by selling wine directly to Andina's largest customer. Gallo filed a suit against Andina in the Superior Court of Stanislaus County for declaratory relief, abuse of process, unfair competition, and breach of contract (the "California action"). The California action was removed to this court on January 24, 2005.  In an order filed on May 1, 2006, the Ninth Circuit Court of Appeal reversed this court's prior order denying

Gallo's motion for anti-suit injunction to prevent Andina from prosecuting the Ecuador action (the "May 1 Order").  Pursuant to the May 1 Order, this court issued a preliminary anti-suit injunction on May 4, 2006, prohibiting Andina's prosecution of the Ecuador action (the "May 4 Order").  On June 6, 2006, Andina filed an appeal of this court's May 4 Order. That appeal is pending.  In the instant motion, Andina requests that the court grant an injunction against Gallo's further participation in the Ecuador action and stay further proceedings in the California action pending the outcome of Andina's appeal currently before the Ninth Circuit court of Appeals.  For the reasons that follow both of Andina's motions will be denied.

## PROCEDURAL HISTORY AND FACTUAL BACKGROUND

The procedural history and factual background of this case has been documented on several occasions by this court and most of these facts need not be repeated here.  However, certain facts with respect to the Ecuador action and with respect to Andina's appeal of this court's May 4 Order are pertinent in this case.

Andina commenced the Ecuador action on or about August 11, 2004, by filing a lawsuit in the Second Civil Court of Guayaquil, Ecuador, alleging Gallo breached the Agreement by selling wine directly to Andina's largest customer, SuperMaxi, by delaying shipments of wine on three occasions and by overcharging for wine.  On August 8, 2005, the judge of the Second Civil Court of Guayaquil issued an order annulling the Ecuador action. The judge in Ecuador based his decision on the fact the forum selection and choice of law provisions of the Agreement rendered the Second Civil Court without jurisdiction to try the case.  The judge also found that Andina had inappropriately requested appointment of a *curador dativa*, when Andina knew the whereabouts of Gallo and also knew the identity of the person authorized to accept service of process for Gallo.  In nullifying the action, the Second Civil Court did not reach the merits of the case.

On August 22, 2005, Andina filed an appeal in Ecuador of the August 8 ruling by the Second Civil Court of Guayaquil.  Gallo contends briefing on the appeal was completed by

2

both parties as of the end of February, 2006. Gallo also contends that, although Andina requested oral argument before the Ecuadorian appellate court, Andina's right to oral argument was ultimately waived because Andina's attorney failed to appear at the scheduled hearing and failed to submit a valid request for continuance. Gallo contends there is nothing further for the parties to do but await the decision of the Ecuadorian court of appeals.

The California action commenced in this court with the removal of the case from the Stanislaus Superior Court on January 24, 2005. Andina filed a motion to dismiss on April 28, 2005. Gallo filed its opposition to Andina's motion and a cross-motion for preliminary injunction and letter rogatory on May 23, 2005. On June 27, 2005, this court filed a memorandum opinion and order denying Andina's motion to dismiss and denying Gallo's motion for preliminary injunction and letter rogatory. Gallo appealed the court's denial of Gallo's request for preliminary injunction. The Ninth Circuit Court of Appeal reversed the court's denial by an order dated May 1, 2006. E. & J. Gallo Winery v. Andina Licores, S.A., 446 F.3d 984 (9 Cir. 2006) ("Gallo"). Pursuant to the order of the appellate court, this court issued a preliminary anti-suit injunction prohibiting Andina's prosecution of the Ecuador action on May 4, 2006 (the May 4 Order").

On June 7, 2006, Gallo, through its counsel in Ecuador, Xavier Castro, filed a document in the appellate court of Ecuador. The parties differ sharply as to the purpose and effect of that filing. Andina claims the June 7 filing was a petition to dismiss the Ecuador action on the ground of failure to prosecute. Gallo vehemently denies this and alleges the briefing was merely (1) a request that the appellate court proceed to a ruling on the appeal; and (2) a reiteration of the argument Gallo had previously submitted to that court to the effect that, under Ecuadorian law, the August 8 ruling of the Second Civil Court of Guayaquil is non-appealable because it was based on a lack of jurisdiction and was not a ruling on the merits. The documents submitted support Gallo's characterization of its submission to the Ecuadorian appellate court.

On June 6, 2006, Andina filed an appeal of this court's May 4 Order implementing the anti-suit injunction, which this court had ordered as directed by the Ninth Circuit's order of May 1, 2006.  According to Gallo, the crux of Andina's argument before the Ecuadorian appellate court and before the Ninth Circuit is essentially the same.  That is, Andina contends there exists heretofore undiscovered Ecuadorian case law implementing terms of Ecuadorian Decree 1038-A even after the decree was repealed.  In addition, Andina contends the English translation of the law invalidating Decree 1038-A that was provided to the Ninth Circuit Court of Appeals during the course of the appeal of this court's denial of Gallo's motion for anti-suit injunction was faulty in that it mistranslated a key word that, if properly translated, would indicate that the repeal of the Decree 1038-A was not intended to work retroactively.

Oral argument on Andina's requests was held on Tuesday, July 18, 2006.  At oral argument, Andina clarified its position with regard to its request for injunctive relief in the Ecuador action.  Andina expressed concern that because of the anti-suit injunction, Andina would not be able to argue effectively for an opportunity to present oral argument before the Ecuadorian appellate court.  Andina also reported that its attorneys in Ecuador have filed a petition to recuse the appellate panel on the ground the decision on Andina's appeal had been delayed beyond the time allowed by statute for such appeals.  Apparently, Andina has requested the appeal be presented before a new appellate panel.  Gallo contends the request for recusal of the appellate panel was improper in light of the anti-suit injunction currently in force against Andina's participation in the Ecuador action and contends the petition for recusal represents yet another example of procedural gamesmanship by Andina.

## LEGAL STANDARD

It is not clear to the court whether the issue of whether Andina's right to injunctive relief should be decided according to the legal standard traditionally applied to questions of preliminary injunction, or whether the standard set forth by the Ninth Circuit in Gallo for anti-suit injunction against actions in foreign jurisdictions should apply.  Gallo contends the

Ecuador action is not Gallo's action and that the injunction Andina seeks should therefore be considered a traditional preliminary injunction. The court is concerned that, although Gallo has no action in Ecuador, the request for injunctive relief has as its object the proceedings in the Ecuador court. Andina is attempting to restrain Gallo from Gallo's participation in the Ecuador action in the same manner and for the same purpose as Andina is restrained. The court is of the opinion the proper legal standard is the standard for issuance of an anti-suit injunction in an international action as set forth in Gallo.

As the Ninth Circuit pointed out in Gallo, where the issue is one of anti-suit injunction, the applicant need not meet the normal test for the granting of a preliminary injunction; that is, the likelihood of success on the merits. Rather, the applicant "need only demonstrate that the factors specific to an anti-suit injunction weigh in favor of granting the injunction. For purposes of this action we may rely on any of the [. . .] factors [set forth in Unterweser Reederei Gmbh, 428 F.2d 888, 896 (5th Cir. 1970)]if it applies to the case and if the impact on comity is tolerable." Gallo, 446 F.3d at 991. Under Unterweser, a "foreign litigation may be enjoined when it would (1) frustrate a policy of the forum issuing the injunction; (2) be vexatious or oppressive; (3) threaten the issuing court's *in rem* or *quasi in rem* jurisdiction; or (4) where the proceedings prejudice other equitable considerations." Gallo, 446 F.3d at 990 (quoting Seattle Totems Hockey Club, Inc. v. Nat'l Hockey League, 652 F.2d 852, 855 (9th Cir. 1981)).

However, in an abundance of caution, the court will also analyze Andina's right according to the traditional test for preliminary injunctive relief as Gallo contends is appropriate. The legal principles applicable to a request for preliminary injunctive relief are well established. To prevail, the moving party must show either "(1) a likelihood of success on the merits and the possibility of irreparable injury, or (2) the existence of serious questions going to the merits and the balance of hardships tipping in [the moving party's] favor." Oakland Tribune, Inc. v. Chronicle Publishing Company, Inc., 762 F.2d 1374, 1376 (9th Cir.

1985), quoting Apple Computer, Inc. v. Formula International, Inc., 725 F.2d 521, 523 (9th Cir. 1984); see also Hartikka v. United States, 754 F.2d 1516, 1518 (9th Cir. 1985).  The two formulations represent two points on a sliding scale with the focal point being the degree of irreparable injury shown.  Oakland Tribune, 762 F.2d at 1376.  "Under either formulation of the test, plaintiff must demonstrate that there exists a significant threat of irreparable injury." Id.  In the absence of a significant showing of irreparability, the court need not reach the issue of likelihood of success on the merits.  Id.  In addition, "to prevail on a motion for preliminary injunctive relief, the moving party must establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint." Lebron v. Armstrong, 289 F. Supp. 2d 56, 61 (D. Conn. 2003).

## DISCUSSION

## I. Anti-Suit Injunction or Modification of Prior Order to Restrain Gallo

Andina request that Gallo be equally restrained from seeking dismissal of the Ecuadorian action as Andina is restrained from prosecuting the case.  Andina contends that if Gallo is allowed to continue to seek dismissal on the ground of failure to prosecute, Andina will suffer prejudice because it will be unable to litigate its claims against Gallo or to exercise its right to present oral argument before the appellate panel in Ecuador.

### *A.  Applying Gallo*

In an order being filled concurrently with this order, the court has determined that the choice of forum and choice of law provisions of the Agreement are valid and enforceable. Applying the factors adopted by this circuit in Seattle Totems and applied in Gallo, the court finds first that restraining Andina's participation in the Ecuador action while not similarly restraining Gallo does not offend a policy of the country issuing the injunction (the United States).  Under strong United States policy, Andina has no right to pursue its action in Ecuador in violation of valid and enforceable forum selection and choice of law provisions. See Carnival Cruise Lines v. Shute, 499 U.S. 585, 593-594 (1991) (noting salutary effect of

forum selection clauses in international trade); <u>Northrop Corp. v. Triad Int'l Mktg., S.A.</u>, 811

F.2d 1265, 1270 (9th Cir. 1987) (forum selection clauses "should be enforced absent strong

reasons to set them aside.").

Second, the Ninth Circuit in the <u>Gallo</u> decision found Andina's Ecuador action is

likely vexatious and oppressive.  <u>Gallo</u>, 446 F.3d at 993.  From that finding the court must

infer that allowing Gallo to bring the Ecuador action to a conclusion as quickly as possible is

not vexations or oppressive.   Concerns about *in rem* or *quasi in rem* jurisdiction do not apply

in this case.

Finally, with respect to other equitable considerations, Gallo alleges it will suffer

possible substantial prejudice if Andina is allowed to proceed in the Ecuador action. Andina

could conceivably obtain a judgment against Gallo for some 70 + million dollars, which

Andina could shop to any of the myriad of countries where Gallo does business.  Although

the chances of this seem relatively small at present, the court agrees the burden on Gallo from

such a judgment would be substantial.  Andina, on the other hand would suffer relatively

little prejudice from the permanent imposition of an anti-suit injunction because Andina, as

previously discussed, has no right to prosecute the action in Ecuador and would therefore

would suffer no loss of protectable rights.  Further, according to Gallo, Gallo participation in

the Ecuador action is at an end other than to encourage the Ecuadorian appellate panel to rule

on the issue before it.  Andina, on the other hand has demonstrated it intends to keep the

unlawful action in Ecuador going at all costs and that it will resort to whatever procedural

gamesmanship is available to achieve that end.  Thus the balance of equities tips sharply in

favor of restraint of Andina's participation in the Ecuador action but does not favor similar

restraint against Gallo.

### B. *Applying the Traditional Test for Preliminary Injunction*

When the court applies the traditional test for preliminary injunction, Andina's

argument to restrain Gallo is unpersuasive for two main reasons.  First, and perhaps foremost,

Andina has no protectable interest in the Ecuador action.  As the Ninth Circuit made clear in its May 1 Order, Andina consented contractually to bring any actions arising under the Distributorship Agreement in a California court and that California law would determine the rights of the parties in any such dispute.  See Gallo, 446 F.3d at 992 (noting the strong policy in favor of enforcement of forum selection clauses).  Andina, having acquiesced to be bound to California law, cannot have its rights determined by Ecuadorian law in an Ecuadorian court except to the extent California law might recognize foreign law in the context of contractual agreements.  Certainly, as the Ninth Circuit held, whatever rights Andina may claim under Ecuadorian law, such rights may only be litigated in this jurisdiction, not in Ecuador.  Id. at 991.

The Ecuadorian courts have shown that Andina has a low probability of prevailing on its claims in Ecuador because the Ecuadorian trial court determined it lacked subject matter jurisdiction in light of the forum selection and choice of law provisions of the Agreement.  Thus, Andina cannot show a likelihood of success on the merits in Ecuador because it can demonstrate no right to have its claims litigated in Ecuador under Ecuadorian law and because the Ecuadorian court has indicated it is strongly inclined to so rule.

Second, Andina cannot demonstrate irreparable harm.  The documents submitted indicate Gallo's pleading before the Ecuadorian appellate court was merely a request for decision.  Gallo alleges, and Andina has not disputed, that Andina has filed all the papers in Ecuador it is entitled to file and that the issue has been fully briefed by both sides.  To the extent Andina might argue they would be denied the opportunity to present oral argument, Andina has failed to demonstrate they have the right under Ecuadorian law to do so.  As Gallo points out, Andina is not prejudiced by Gallo's request for decision.  To the extent Gallo asserted an argument, it was an argument they had made on previous occasions and an argument to which Andina had presumably replied.

The court finds Andina has failed to satisfy its burden to show either the likelihood of

success on the merits or the probability of irreparable harm.  Further, given the strong public policy favoring enforcement of forum selection clauses, it cannot be said that the balance of hardships against public interest tips in favor of Andina.

**II.  Stay Pending Appeal to the Ninth Circuit**

At oral argument, the court proposed and the parties agreed to stay consideration of Andina's motion to stay proceedings in the California action pending the outcome of the decision of the Ninth Circuit Court of Appeal on Andina's appeal.  The court will therefore continue consideration of this issue to the pretrial conference to be held Friday, July 28, 2006.

THEREFORE, in consideration of the foregoing discussion, it is hereby ordered that Andina's motion to restrain Gallo's participation in the Ecuador action, either by issuance of a preliminary or anti-suit injunction or by modification of the existing anti-suit injunction is DENIED.

IT IS SO ORDERED.

**Dated:    July 24, 2006**              _____/s/ Anthony W. Ishii_____
0m8i78                                   UNITED STATES DISTRICT JUDGE

9