**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **E. & J. GALLO WINERY, a California corporation,**<br><br>           **Plaintiff**,<br><br>     v.<br><br>**ANDINA LICORES S.A., a corporation organized under the laws of Ecuador,**<br><br>           **Defendant** | CV F 05-0101   AWI LJO<br><br>**ORDER OF FINAL JUDGMENT**<br><br>Document # 177 |

On July 25, 2006, the court granted in part plaintiff E. & J. Gallo Winery's ("Gallo's") motion for summary judgment (the "July 25 Order"). In the July 25 Order, the court ordered Plaintiff to submit proposed language for declaratory relief and for permanent injunctive relief as well as its costs in defending the action brought by defendant Andina Licores, S. A. ("Andina") in Ecuador (the "Ecuador action"). Gallo filed proposed language and a statement of costs and attorney fees in accordance with the July 25 Order on August 8, 2006. Andina submitted opposition to the form of proposed judgment on August 10, 2006, and to the amount of damages claimed by Gallo on August 22, 2006. Gallo submitted a reply on August 25, 2006.

**I. Andina's Objection as to Form of Judgment**

As to the form of judgment, Andina objects to the wording in Gallo's fourth proposed statement of declaratory relief ( "proposed language"), which states, "The rights, obligations

and duties of Gallo and Andina which are the subject of this action are DECLARED as follows:"

    [A . . . . E.]

    F.    Gallo did not breach the 1987 Agreement in the manner alleged by Andina in the action filed by Andina on August 11, 2004, in the Civil Courts of Guayaquil, Ecuador in the action entitled *Andina Licores, S.A. v. E. & J. Gallo Winery*, Case No. 470-D04.

Andina objects that the proposed language is unduly expansive in that the court only declared that "Gallo did not breach the 1987 Agreement" in its July 25 Order. Andina contends the broader language proposed by Gallo may prejudice any future action by Andina against Gallo for tort or quasi-contract claims Andina may have against Gallo for disruption of Andina's relationship with Super-Maxi, Andina's largest customer in Ecuador.

Andina alleged in its Ecuador action that Gallo breached the agreement by: (1) selling wine directly to the grocery chain Super Maxi who had been Andina's biggest customer; (2) by delaying shipments of wine on three occasions, and (3) by raising the prices or overcharging on its wines. The July 25 Order addressed each of these and found each allegation unsupportable as a matter of law. With respect to Andina's first theory of breach – that Gallo breached the Agreement by Selling directly to Super Maxi – Andina advanced three theories of breach including: (1) prevention or hindrance of Andina's performance of the Agreement, (2) breach of "applicable law" (meaning Ecuadorian Decree 1038-A) which forbids Gallo from impairing the relationship between a distributor of a foreign product and the distributors customers; and (3) Gallo's acts amounted to tortious interference with Andina's business opportunity.

The court reject each of Andina's theories supporting their claim that Gallo breached the 1987 Agreement. Of relevance to Andina's claims for prevention of performance and tortious interference, the court found:

> Andina's argument that Gallo's actions prevented or hindered Andina's performance under the agreement fails because the Agreement does

>not require Andina to perform in a way that would be hindered or prevented by Gallo's sale of wine directly to Supermaxi. The Agreement requires Andina to submit orders to Gallo in a certain format and to pay for the wines shipped under specified terms, but the Agreement has no provisions requiring Andina to sell the wine, or to sell any particular amount of wine to any particular customer. Since the amount of wine Andina sells or the customers to whom Andina sells its wine are not elements of performance under the Agreement, Gallo's sale of wine directly to Supermaxi could not have impaired Andina's performance.
>[¶ . . . .¶]
>
>Andina's claim of interference is somewhat confusing. Although Andina alludes to Gallo's conduct as constituting tortious interference with Andina's relationship with Supermaxi, nowhere does Andina set forth any legal framework for such a claim. Andina has not alleged tortious interference as a counterclaim and has cited no statutory or case law to indicate the elements of such a claim under California law. Finally, Andina has cited no authority to support the implied contention that conduct amounting to a producer's interference with a wholesaler's relationship with a third party purchaser also amounts to breach of a contract for sale of goods between the producer and wholesaler.

Doc. # 174 at 26-27.

Although the July 25 Order addressed each of the theories advanced by Andina with respect to their claim of breach against Gallo, the order itself simply stated that the court declared "Gallo did not breach the 1987 Agreement." Andina's characterization of Gallo's proposed language as being more expansive than the language the court used in the July 25 Order is puzzling. By qualifying the scope of the court's declaratory relief to those issues actually decided by the court with respect to Andina's claims against Gallo in the Ecuador action, the scope of the declaratory relief requested by Gallo is narrower than the more generalized statement made by the court and proposed by Andina. Further, the statement proposed by Gallo is more technically accurate inasmuch as it addresses all theories of breach actually asserted by Andina in its opposition to Gallo's motion for summary judgment and addressed by the court in its memorandum opinion.

Pursuant to the July 25 Order, Andina is bound by the 1987 Agreement to litigate any disputes arising under the Agreement in the forum selected by the Agreement. Thus, to the extent Andina had claims against Gallo for breach of the Agreement, Andina was required to

initially bring those claims in this forum or in Stanislaus County Superior Court, or as counterclaims in this action. Likewise, when Gallo requested a declaration of rights in this court with respect to the issues raised by Andina through Andina's allegations in the Ecuador action, and then moved for summary judgment on the requested declaration of rights, Andina was required to establish the existence of a genuine issue as to any material fact with respect to those allegations or have the issue decided by the court in Gallo's favor as a matter of law. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986); First Nat'l Bank of Arizona v. Cities Serv. Co., 391 U.S. 253, 288-89 (1968); Ruffin v. County of Los Angeles, 607 F.2d 1276, 1280 (9th Cir. 1979).

Andina does not, and could not, reasonably contend that Gallo did not have a right to seek adjudication of its rights and obligations under the 1987 Agreement that formed the basis of Andina's claims in the Ecuador action. In essence, Gallo's claims for declaratory relief are simply a way of forcing Andina to adjudicate in this forum the same issues that Andina had wrongfully attempted to assert in the Ecuadorian forum in violation of the binding forum selection clause. Andina had both the obligation and opportunity to bring forward material facts in its favor that would be sufficient to avoid summary judgment. Having had that opportunity, and having failed to carry its burden, Andina cannot now claim that it would be prejudiced if this court declares Gallo's rights under the 1987 Agreement in accordance with the issues this court actually decided in the July 25 Order.

By the same token, the court's July 25 Order makes it clear that Andina is not bound by the forum selection clause with respect to any claims it may have that arise outside the 1987 Agreement; including possibly claims of tortious interference. Thus, to the extent Andina may seek relief on tort claims that do not arise under the 1987 Agreement, Gallo's proposed language will not impair those claims.

The court concludes that declaring the parties' rights and obligations with respect to the 1987 Agreement in the terms suggested by Gallo will not in any impair any claims for

4

relief that Andina would have had under Andina's proposed language. The court will therefore accept Gallo's proposed language.

## II. Andina's Objections as to Damages

In its July 25 Order, the court granted Gallo's motion for summary judgment on its claim that Andina breached the 1987 Agreement by bringing its claims in the Ecuador action and ordered that Gallo file and serve an itemized schedule reflecting its costs resulting from its defense in the Ecuador action. Gallo submitted its statement on August 8, 2006, claiming attorney fees of $204,807.80 and expenses of $12,938.63, for a total damage claim of $217,746.43.

Andina filed a document titled "Response and Objection to [Plaintiff's] Damages Resulting from Filing of the Ecuador Action" (hereinafter "Objection"). Andina's primary generalized complaint is that the damages Gallo is claiming as a result of the Ecuador action were expended for the purpose of avoiding litigation on the merits; or, as characterized by Andina, Gallo's attorneys in Ecuador were being paid to do nothing. Andina also objects to the amount claimed by Gallo for "coordination with the California Action" ($43,145.00), and to individual expenses claimed by Gallo for initial review of the file ($2,800.00), visits to the court in Ecuador and legal research and analysis ($117,644).

As an initial matter it is important that the attorney fees and expenses awarded in this case were awarded as consequential *damages* for breach of contract, not as post-judgment attorney's fees. As Gallo points out, where the attorney fees are awarded as damages, the only relevant issues are whether the expenses or fees were actually incurred, whether the fee rate is generally reasonable, and whether the attorney fees were proximately caused by defendant's wrongful conduct. See Hangarter v. Paul Revere Life Ins. Co., 236 F.Supp.2d 1069, 1101 (N.D. Cal. 2002), rev'd in part on other grounds 373 F.3d 998 (9 Cir. 2004) (in suit to recover insurance benefits withheld in bad faith, prevailing plaintiff is entitled to reasonable attorney fees *incurred* to obtain benefits).

Gallo alleges attorney fees were billed at $200.00 per hour. Although Andina expresses concerns about the billing rate, Andina offers no evidence that any other rate is reasonable, either with respect to Ecuadorian or domestic attorney fees. The court finds the rate of $200.00 per hour for attorney fees is reasonable.

Andina also objects generally to attorney fees and expenses allocated to what Gallo termed costs of coordination of the Ecuador action with the instant action. Basically, Andina contends that such costs are not within the scope of expenses contemplated by the court's order awarding as damages the costs incurred by Gallo in defending the Ecuador action. The court disagrees. The California action was occasioned by Andina's instigation of the Ecuador Action. Although the court will not allow Gallo to claim the costs of prosecution of the California action as damages in this order, the court is of the opinion that those expenses that arise at the intersection of the California and Ecuador actions; that is to say the expenses incurred from coordinating the two actions, are part of the costs of defending in the Ecuador action and are within the scope of damages ordered by this court.

Andina also objects to the time, and therefore the amount billed for certain other functions claimed by Gallo in defending the Ecuador action. Andina does not claim that the costs were not actually incurred by Gallo, and the court has, as noted previously, determined that the rate assessed is reasonable. It is also not disputed that the costs are a result of Gallo's defense in the Ecuador action. Andina's objections are therefore overruled.

The court accepts Gallo's proposed judgment, both as to form and as to damages as set forth below. Gallo's request for costs and attorney fees with respect to the California action will not be granted in this judgment. Gallo may make a separate application for costs and attorney fees following the entry of this order of judgment in accordance with Local Rules 54-292, and 54-293.

THEREFORE, in accordance with the foregoing discussion, IT IS HEREBY ADJUDGED AND DECREED:

1. Gallo shall recover from Andina the sum of $217,746.43 with post-judgment interest thereon at the rate of 4.94 percent as provided by 28 U.S.C., section 1961.

2. The rights, obligations and duties of Gallo and Andina which are the subject of this action are DECLARED as follows:

   A. The forum selection clause set forth at ¶ 8 if the 1987 distributor Agreement between Gallo and Andina (the "1987 Agreement") is binding on Andina and Gallo and is enforceable.

   B. The choice of law clause set forth in ¶ 8 of the 1987 Agreement designating California Law as the law Governing the 1987 Agreement is binding on Andina and Gallo and is enforceable.

   C. Under ¶ 8 of the 1987 Agreement, CT Corporation is the agent designated for service of process for both Gallo and Andina for any disputes arising out of the 1987 Agreement.

   D. Andina violated the 1987 Agreement by bringing and prosecuting the Ecuador Action and violated the provisions of the 1987 Agreement designating CT Corporation as the agent for service of process.

   E. Under the 1987 Agreement Andina was/is a non-exclusive distributor of Gallo products in Ecuador.  And,

   F. Gallo did not breach the 1987 Agreement in the manner alleged by Andina in the action filed by Andina on August 11, 2004, in the Civil Courts og Guayaquil, Ecuador in the action entitled *Andina Licores S.A. v. E. & J. Gallo Winery*, Case No. 47-D04.

3. Subject only to subparagraph E., below, Andina and its officers, agents, servants, employees and attorneys, and all those in active concert or participation with Andina,

7

shall be permanently restrained and enjoined from:

A. Pursuing, and/or prosecuting the action entitled *Andina Licores S.A. v. E. & J. Gallo Winery*, Case No. 47-D04.

B. Initiating, pursuing, prosecuting or taking any steps with respect to any appeal or review (including, but not limited to review by cassation or "recurso de casacion") of any judgment, decree, order, or award rendered in the Ecuador Action or any proceeding referred to in subparagraph C., including, but not limited to: i) the appeal numbered 554-2005 filed in the Superior Court of Guayaquil, Ecuador and that was assigned to the Second Civil and Commercial Chamber of the Superior Court of Guayaquil ("Second Appellate Chamber"); and (ii) the proceeding numbered 554-2005-A filed by Andina on or about July 14, 2006 in the Second Appellate Chamber against Judges Primo Diaz Garaycoa, Jorge Blum Manzo and Jorge Jaramillo Jaramillo in which Andina is seeking recusal of the aforementioned Judges of the Second Appellate Chamber.

C. Initiating, pursuing, prosecuting or taking any steps in the courts of Ecuador with respect to any action, case, claim, motion or proceeding that is based on, related to, or arise out of either: (i) the facts which are the subject of the claims set forth in the Ecuador Action; or, (ii) any of the actions, cases, claims, motions or proceedings that have been initiated and/or are pending in the courts of Ecuador and relating to the Ecuador Action, including, but not limited to, the proceeding filed by Andina in or about October 2005 before the President of the Superior Court of Guayaquil, Case No. 13-2005, against Ukles Cornejo Bustos, the Second Civil Judge of Guayaquil.

D. Enforcing in any country or location, or taking any steps to enforce in any country of location, any judgment, decree, order or award rendered, filed

|   |   |   |
|---|---|---|
|   |   | entered or issued by any Ecuador court in either the Ecuador Action, any appeal or proceeding relating to such action, or in any proceeding referred to in subparagraphs G., or C., above. |
|   | E. | Subparagraphs 5 A, B, C, and D notwithstanding, Andina is permitted to petition the appropriate Ecuadorian court for voluntary dismissal of the Ecuador Action or any appeal or other action, case or claims initiated by Andina and related to or arising from the Ecuador Action, provided that such dismissal(s) is/are with prejudice. |
|   | F. | This court retains jurisdiction for the purpose of implementing and enforcing this permanent injunction, including by way of post-judgment discovery related thereto.  Gallo is permitted to conduct post-judgment discovery directed to compliance with and enforcement of, this permanent injunction. |

IT IS SO ORDERED.

**Dated:**    **January 29, 2007**                        /s/ **Anthony W. Ishii**
0m8i78                                                         UNITED STATES DISTRICT JUDGE