1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **E. & J. GALLO WINERY, a California corporation,**<br><br>     **Plaintiff,**<br><br>  **v.**<br><br>**ANDINA LICORES S.A., a corporation organized under the laws of Ecuador,**<br><br>     **Defendant** | **CV F 05-0101   AWI LJO**<br><br>**ORDER DIRECTING RE-SUBMISSION OF BILL OF COSTS FOR CERTAIN TRANSLATION SERVICES** |

   Gallo has requested $32,260.00 as <u>costs</u> for translation services to be taxed against Andina pursuant to FRCP 54(d)(1), and 28 U.S.C. § 1920(6).  FRCP 54(d)(1) provides that costs, other than attorney fees, may be allowed as a matter of course to the prevailing party at the court's discretion.  28 U.S.C., § 1920, sets forth a general list of those categories of costs that may be taxed against the non-prevailing party.  Among these, subsection 1920(6) provides that costs may be taxed for "[c]ompensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section [28 U.S.C.] section 1828."

   Because the interpretation services that Gallo requests be taxed were not court-ordered or court approved and were not pursuant to any special translation service, subsections 1827 and 1828 of Title 28 of the United States Code do not apply.  Gallo's request for compensation for translation and interpretation services is therefore made

pursuant to 28 U.S.C., section 1920(6).

There appears to be no appellate authority from the Ninth Circuit that directly addresses which interpretation services are compensable and which are not.  Generally, although Rule 54(d) allows judges unrestrained discretion in taxing costs to compensate the prevailing party, the "discretion should be exercised sparingly with respect to expenses not specifically allowed by statute."  Farmer v. Arabian American Oil Co.. 379 U.S. 227, 235 (1964).  In the context of interpreter's services, while it is clear that compensation for interpreters services are allowed, the interpreter's services must be "reasonably necessary for a proper determination of the issues."  Kaiser Indus. v. McLouth Steel Corp., 50 F.R.D. 5, 11 (E.D. Mich. 1970).  It is the prevailing party's burden to show the interpretation service was reasonably necessary.  Id. at 11-12; see also Arboireau v. Adidas Salomon AG, 2002 WL 31466564 at *6 (D. Or. 2002) (not reported in F.Supp.2d) (claimant fails to properly substantiate claim where there is no showing of what was translated, when, for what purpose, and by whom).

Available authority indicates that interpreter's fees are compensable where interpreters services were reasonably necessary to conduct depositions, Viacao Aerea Sao Paulo, S.A. v. Int'l Lease Finance Corp., 119 F.R.D. 435, 440 (C.D. Cal. 1988), rev'd on other grounds in Aflex Corp. v. Underwriters Laboratories, Inc., 914 F.2d 175 (9th Cir. 1990); or to prepare documents submitted to the court and accepted as evidence, or that were ordered produced by the court.  Neles Jamesbury, Inc. v. Fisher Controls Int'l, 140 F.Supp.2d 104, 106 (D. Mass. 2001).  Translation fees that courts have not compensated include fees associated with the translation of materials that are use for trial preparation, but are not actually used at trial; Kaiser Indus., 50 F.R.D. at 11; and generally documents that are provided to the opposing side.  In re: Fialuridine Products Liability Lititgation, 163 F.R.D. 386, 387 (D. Col. 1995).

In Viacao Aerea Sao Paulo the court allowed compensation for translation services

necessary for taking depositions, but disallowed compensation for translation services for the preparation of exhibits. <u>Viacao Aerea Sao Paulo</u>, 119 F.R.D. at 440. <u>Viacao Aerea Sao Paulo</u> excluded compensation on the basis of the distinction it drew between *interpretation* services, which are authorized by the statute, and *translations* services, which it held were not. If the prevailing party requests costs for translation of written materials that are submitted to, and used by the court to settle issues in the case, the distinction drawn by <u>Viacao Aerea Sao Paulo</u> appears to represent an improper basis for distinction and exclusion.

Gallo requests compensation for interpretation services in two categories. Gallo requests $3,900.00 in costs for interpreter services rendered in taking the depositions of Andres Naranjo and Ivan Cevallos Cordova. Gallo submits Exhibit "G" to the declaration of Tod L. Gamlen in support of these costs. Doc. #214-8. Exhibit "G" consists of two invoices for interpreter services, together totaling $3,900.00. Available case law clearly supports Gallo's request for these interpreter services, which are adequately identified and documented.

Gallo's second category of requested compensation for interpreter services is for translation of approximately 384 pages of documents, originally in Spanish, that were submitted to the court over the course of this action. In support of Gallo's request for $27,360 for translation services, Gallo submits Exhibit "F" to the declaration of Tod L. Gamlen. Doc. #214-7. Exhibit "F" is a collection of invoices from a variety of translator services that includes: (1) charges for translation of identified documents originally produced in Spanish in Ecuador; (2) charges for translation of identified documents from English to Spanish presumably for submission by Gallo to Andina or to the Ecuadorian courts; and (3) charges for translation of documents that are referenced only by number or code and are therefore not identifiable.

Gallo alleges its total costs for translation of documents is $47,571.86, of which it is only claiming as costs the translation fees for those documents that were actually submitted to

3

this court.  The court has carried out a cursory review of Gallo's  Exhibit "F."  On the basis of this review, it does not appear possible to validate Gallo's claims within a reasonable time and by expenditure of a reasonable amount of judicial resources because the number of invoice entries for unidentifiable documents in category (3) above appears to be quite large.

Beyond this problem, the authority available to the court tends to indicate that the cost for translation of a document is not compensable merely because the document was submitted to the court.  As discussed above, the document must be at minimum useful in the resolution of some issue.  It does not appear that it will be possible to make the required determinations in a reasonable time span based on the information contained in Gallo's Exhibit "F."  What is needed in order to properly determine costs for translation to be taxed to Andina is a list of the titles of only those documents that were translated from Spanish into English and submitted to this court, along with each document's docket number and the cost of translation.  A useful list should exclude all documents that were not submitted or for which compensation is not requested.

THEREFORE, in accord with the foregoing, Gallo is hereby ORDERED to submit a revised schedule of those translation costs that were formerly included in Exhibit "F" that Gallo actually requests be taxed to Andina.  The revised schedule of translation costs shall include, at minimum, document name, docket number or submission date, and translation cost.

IT IS SO ORDERED.

**Dated:    May 31, 2007**                          _____/s/ Anthony W. Ishii_____
                                            UNITED STATES DISTRICT JUDGE

4